**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be received no later than 4:30pm on the 10th day after the decision was issued to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**August 13, 2026**

# In the Court of Appeals of Georgia

A26A1002. LINEBERGER et al. v. NEWBERRY et al.

DILLARD, Presiding Judge.

This is the second time this case has come before us. In *Newberry v. Lineberger*,[1] we affirmed the trial court's order adopting the findings of a special master in a quiet-title action brought to resolve a boundary-line dispute between adjacent property owners. More precisely, the court ruled for the appellants—James Lineberger and others[2]—and against the appellee—Caryl Newberry. The appellants filed a motion for attorney fees on February 20, 2019; and later, in Newberry's appeal, we affirmed the

---

[1] Case No. A19A2301 (Ga. App. March 4, 2020).

[2] The appellants are James Lineberger, Weyman Lineberger, Windell Lineberger, and Linda L. Long, individually and as executrix of the last will and testament of Mabel Lineberger. For ease of reference, we refer to these parties collectively as "the appellants."

trial court's order.[3] No other action was taken until September 16, 2025, when the appellants filed a notice of hearing on their motion for attorney fees. Ultimately, the court found the case had been automatically dismissed by operation of law under Georgia's "five-year-rule." The appellants now argue the court erred in reaching this conclusion because the five-year rule does not apply to matters already adjudicated by a verdict or judgment. For the following reasons, we affirm.

The record shows that on January 30, 2017, the appellants brought an action against Newberry, seeking to quiet title to real property adjoining both of their properties; and the trial court appointed a special master to handle the matter. Ultimately, the special master issued a report finding in favor of the appellants, and the court adopted his findings.

On February 15, 2019, Newberry filed a notice of appeal. And just five days later, on February 20, 2019, the appellants filed a motion for attorney fees and costs of litigation under OCGA § 9-15-14 with the trial court. The court did not rule on the motion for attorney fees at that time; but the appeal proceeded, and we affirmed the

---

[3] See generally *Newberry v. Lineberger*, Case No. A19A2301 (2020).

court's final decree.[4] No other action was taken until September 16, 2025, when the appellants filed a "notice of hearing," advising Newberry that the court scheduled a hearing on their motion for attorney fees for September 30, 2025.

At the September 30, 2025 hearing, the trial court instructed the parties to submit letter briefs "outlining their positions" as to whether the case was automatically dismissed under OCGA § § 9-11-41(e) and 9-2-60(b)—*i.e.*, the "five-year rule." After the parties did so, the court issued an order finding that the case had been automatically dismissed by operation of law under those statutes on September 29, 2025. As a result, the court found that it lacked jurisdiction to consider the appellants' motion for attorney fees. This appeal follows.

In their sole claim of error, the appellants contend the trial court erred in finding that it lacked jurisdiction to consider their motion for attorney fees because the case stood automatically dismissed under the five-year rule. We disagree.

The five-year rule is codified in two statutes. First, OCGA § 9-2-16 (b) provides that "[a]ny action or other proceeding filed in any of the courts of this state in which

---

[4] See *Newberry*, Case No. A19A2301 (2020).

no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." And second, OCGA § 9-11-41(e) similarly provides that "[a]ny action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. For the purposes of this Code section, an order of continuance will be deemed an order."

As to these statutes, the Supreme Court of Georgia has "adopted a bright-line rule for the types of orders that will reset the five-year clock."[5] In doing so, our Supreme Court reasoned that "[b]y adding certainty and objective consistency, the rule furthers the dual statutory goals of preventing trial court dockets from becoming cluttered with unresolved and inactive litigation and protecting parties from dilatory adversaries."[6] And under the five-year rule, "[i]n order to toll the running of the

---

[5] *Windsor v. City of Atlanta*, 287 Ga. 334, 336(2) (695 SE2d 576) (2010) (Nahmias, J.).

[6] Id. See *Zepp v. Brannen*, 283 Ga. 395, 396 (658 SE2d 567) (2008) (noting that the five-year rule works to "remove from trial courts those cases whose continued pendency only clutter the dockets," *i.e.*, cases that have "been abandoned by both parties, and in many instances had been settled without clearing the docket," and to "protect litigants from dilatory counsel") (citation modified); *Miller v. Lomax*, 333 Ga. App. 402, 407 (3)(b) (773 SE2d 475) (2015) (explaining that the five-year rule furthers

five-year period that results in automatic dismissal for non-action, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk."[7] Indeed, from the expiration of the five-year period when the case stands dismissed by operation of law until the actual marking of the case as dismissed, the case "stands completely lifeless for all purposes from the date of automatic dismissal and not from the date the case is physically stricken from the docket."[8] Put simply, any order after the automatic dismissal of the case under the five-year rule is "null and void, because the trial court has lost jurisdiction over the case, which no longer is pending before it."[9] Even so, there is one exception to the

the "statutory dual purposes of removing from trial courts those cases whose continued pendency only clutter the dockets and protecting litigants from dilatory counsel by adding certainty and objective consistency to the manner in which its provisions are applied" (punctuation omitted)).

[7] *Windsor*, 287 Ga. at 336(2). Accord *Georgia Dept of Hum. Servs. ex rel. Gregory v. Patton*, 322 Ga. App. 333, 334 (744 SE2d 854) (2013).

[8] *Goodwyn v. Carter*, 252 Ga. App. 114, 115 (555 SE2d 474) (2001).

[9] Id.

application of the five-year rule: We have consistently held that the five-year rule "does not apply to cases that have been resolved."[10]

Turning to this case, the most recent written order signed by the trial judge and filed with the clerk was its order adopting our judgment on remittitur following Newberry's unsuccessful appeal. And this order was filed with the clerk of the Superior Court of Bibb County on September 29, 2020. So, under the five-year rule, the appellants needed to obtain a written order signed by the judge and filed with the clerk of court, either ruling on their motion for fees or granting them a continuance by September 29, 2025.[11] This, they did not do.

---

[10] *In re Est. of Martin*, 376 Ga. App. 367, 370(1) (918 SE2d 453) (2025). See *Woodehaven Townehomes, Inc. v. Ferdinand*, 296 Ga. App. 325, 326(1) n.3 (674 SE2d 384) (2009) ("The five-year rule applies to cases awaiting disposition, not to cases already adjudicated by verdict or judgment.") (punctuation omitted)); *Lott v. Arrington & Hollowell, P.C.*, 258 Ga. App. 51, 55(2)(b) (572 SE2d 664) (2002) (explaining that the five-year rule "applies to cases awaiting disposition, not to cases already adjudicated by verdict or judgment" (citing *Jefferson v. Ross*, 250 Ga. 817 (301 SE2d 268) (1983)).

[11] See OCGA § 9-11-41(e) ("Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. For the purposes of this Code section, *an order of continuance will be deemed an order*." (emphasis supplied)). Notably, the appellants did not request a continuance, and the trial court never signed a written order granting one.

At the time of the September 2020 order, the appellants' motion for attorney fees was still pending, and no other action was taken until September 16, 2025, when the appellants filed a "notice of hearing" on their motion for attorney fees, which the trial court scheduled for September 30, 2025. Then, after the hearing, the parties were given the opportunity to file letter briefs regarding whether the trial court lacked jurisdiction to decide the appellants' motion for attorney fees under the five-year rule. After considering the briefs, the court entered its final written order on October 23, 2025. In doing so, the court held that—under the five-year rule—the appellants' motion for attorney fees was automatically dismissed on September 29, 2025—one day before the scheduled hearing. As a result, the appellants' motion was properly dismissed under Georgia's five-year rule.[12]

Appellants do not dispute the above time line. Instead, they argue the five-year rule does not apply to their motion because this case was fully resolved when the trial court issued its order adopting our judgment on appeal—*i.e.*, the September 29, 2020

_____

[12] See supra notes 7-9 & accompanying text; *Ogundele v. Camelot Club Condo. Ass'n,* 268 Ga. App. 400, 402(2) (602 SE2d 138) (2004) ("There being no written order of any sort during a period in excess of five years, the trial court correctly determined that the case stood automatically dismissed by operation of law.").

order.[13] They also contend the court erroneously treated their motion for attorney fees "as if it were a separate case subject to the automatic dismissal rule." But the appellants misunderstand the court's ruling. In finding the case was not fully resolved, the court noted that "[a] motion for attorneys' fees ... operates *within a case*[,] and as such, the case remains *pending*."[14] Indeed, a request for attorney fees under OCGA § 9–15–14 is "part of the *original* course of the action and is not to be considered a new case ..."[15]

And this makes sense because an award of attorney fees is "derivative of a plaintiff s substantive claims."[16] A plaintiff can only prevail on his claim for attorney fees, then, if he succeeds "on an underlying substantive claim."[17] Here, because the appellants could only seek attorney fees in the same case as their quiet-title claim, this

---

[13] See supra note 10 & accompanying text.

[14] (Emphasis supplied).

[15] *Trend Stitchers, LLC v. Wheeler*, 310 Ga. App. 573, 574 (713 SE2d 720) (2011) (quotation marks omitted) (emphasis added).

[16] *Legacy Ford of McDonough, Inc. v. Reynolds*, 378 Ga. App. 426, 436(3) (926 SE2d 137) (2026) (quotation marks omitted).

[17] Id. (quotation marks omitted).

case was not fully adjudicated as long as their motion for fees was still pending. So, because the appellants did not satisfy the five-year rule or establish that an exception to the rule applied, the trial court did not err in finding that the case was automatically dismissed by operation of law under OCGA § 9-11-41(e) and OCGA § 9-2-16(b).

For these reasons, we affirm the trial court's order finding that it lacked jurisdiction to consider the appellants' motion for attorney fees.

*Judgment affirmed. Gobeil and Pipkin, JJ., concur.*